UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: PETITION OF ROBERT A. YOUNG ) DOCKET NO. 04CV111563NMG

ANSWER OF ROBERT A. YOUNG
TO VERIFIED ANSWER, OBJECTION AND COUNTERCLAIMS
OF BENJAMIN L. HALL, JR.

1. Robert A. Young ("Young") denies the allegations in paragraph one of the Verified Answer, Objection and Counterclaims that the parties hold the real estate in issue as tenants in partnership and that Young lacks capacity to bring the action and that the Dukes County Probate Court lacks jurisdiction over the case.

2. Young admits so much of the allegations in paragraph two of the Verified Answer, Objection and Counterclaims as alleges that Benjamin L. Hall, Jr.("Hall") and Gino M. Montesi, ("Montesi"), Trustees of Ye Olde Clipper Realty Trust u/d/t date August 14, 1987 purchased the property which is the subject of this Petition and that, at some time after August 14, 1987, a bank account was established in the name Benjamin L. Hall, Jr. or Robert A. Young, Trustees of Ye Olde Clipper Realty Trust with its own tax identification number. Young has insufficient knowledge to admit or deny the contents of agreements, if any, between Hall and Montesi alleged in paragraph two of the Verified Answer, Objection and Counterclaims and, therefore, denies same. Young denies the

remaining allegations in paragraph two of the Verified Answer, Objection and Counterclaims.

3. Insofar as the allegations in paragraph three of the Verified Answer, Objection and Counterclaims pertain to parties other than Young, Young has insufficient knowledge to admit or deny such allegations and, therefore, denies same.

4. Young denies the allegations in paragraph four of the Verified Answer, Objection and Counterclaims as stated.

5. Young denies the allegations in paragraph five of the Verified Answer, Objection and Counterclaims as stated.

6. Young denies the allegations in paragraph six of the Verified Answer, Objection and Counterclaims as stated.

7. Young denies the allegations in paragraph seven of the Verified Answer, Objection and Counterclaims as stated except that Young admits that he has not acquired the L & T Note.

8. Young admits so much of the allegations in paragraph eight of the Verified Answer, Objection and Counterclaims as allege that Benjamin L. Hall and Therese M. Hall acquired the L & T Note. Young denies the remaining allegations in paragraph eight of the Verified Answer, Objection and Counterclaims as stated.

9. Young denies the allegations in paragraph nine of the Verified Answer, Objection and Counterclaims as stated.

10. Young denies the allegations in paragraph ten of the Verified Answer, Objection and Counterclaims as stated.

11. Young admits so much of the allegations in paragraph eleven of the Verified Answer, Objection and Counterclaims as allege that, in 2003, he ordered an appraisal of the property which is the subject of this Petition, and that, ultimately, the appraiser was able to obtain information necessary to prepare an appraisal of the property. Young denies the remaining allegations in paragraph eleven of the Verified Answer, Objection and Counterclaims as stated.

12. Young denies the allegations in paragraph twelve of the Verified Answer, Objection and Counterclaims as stated.

13. Young admits so much of the allegations in paragraph thirteen of the Verified Answer, Objection and Counterclaims as allege that in May, 2004, Young, as beneficiary of Ye Olde Clipper Realty Trust, gave notice of the termination of the Trust in accordance with the provisions of the Trust and recorded a Trustee Certificate of Termination of Ye Olde Clipper Realty Trust in the Dukes County Registry of Deeds in accordance with the provisions of the Trust. Young denies the remaining allegations in paragraph thirteen of the Verified Answer, Objection and Counterclaims as stated.

14. Young admits so much of the allegations in paragraph fourteen of the Verified Answer, Objection and Counterclaims as allege that Young, as Trustee of Ye Olde Clipper Realty Trust recorded a deed in the Dukes County Registry of Deeds conveying the property which is the subject of this Petition to Young and Hall as Tenants in Common in accordance with the provisions of the Trust. Young denies the remaining allegations in paragraph fourteen of the Verified Answer, Objection and Counterclaims as stated.

15. Young denies the allegations in paragraph fifteen of the Verified Answer, Objection and Counterclaims as stated.

16. Young denies the allegations in paragraph sixteen of the Verified Answer, Objection and Counterclaims.

17. Young denies the g allegations in paragraph seventeen of the Verified Answer, Objection and Counterclaims.

18. Young denies the allegations in paragraph eighteen of the Verified Answer, Objection and Counterclaims.

19. Young denies the allegations in paragraph nineteen of the Verified Answer, Objection and Counterclaims.

20. Young denies the allegations in paragraph twenty of the Verified Answer, Objection and Counterclaims.

21. Young denies the allegations in paragraph twenty-one of the Verified Answer, Objection and Counterclaims.

22. Young denies the allegations in paragraph twenty-two of the Verified Answer, Objection and Counterclaims.

23. Young denies the allegations in paragraph twenty-three of the Verified Answer, Objection and Counterclaims.

24. Young denies the allegations in paragraph twenty-four of the Verified Answer, Objection and Counterclaims.

25. Young denies the allegations in paragraph twenty-five of the Verified Answer, Objection and Counterclaims.

26. Young denies the allegations in paragraph twenty-six of the Verified Answer, Objection and Counterclaims.

16. Young denies the allegations in paragraph sixteen of the Verified Answer, Objection and Counterclaims.

17. Young denies the allegations in paragraph seventeen of the Verified Answer, Objection and Counterclaims.

18. Young denies the allegations in paragraph eighteen of the Verified Answer, Objection and Counterclaims.

19. Young denies the allegations in paragraph nineteen of the Verified Answer, Objection and Counterclaims.

20. Young denies the allegations in paragraph twenty of the Verified Answer, Objection and Counterclaims.

21. Young denies the allegations in paragraph twenty-one of the Verified Answer, Objection and Counterclaims.

22. Young denies the allegations in paragraph twenty-two of the Verified Answer, Objection and Counterclaims.

23. Young denies the allegations in paragraph twenty-three of the Verified Answer, Objection and Counterclaims.

24. Young denies the allegations in paragraph twenty-four of the Verified Answer, Objection and Counterclaims.

25. Young denies the allegations in paragraph twenty-five of the Verified Answer, Objection and Counterclaims.

26. Young denies the allegations in paragraph twenty-six of the Verified Answer, Objection and Counterclaims.

27. Young denies the allegations in paragraph twenty-seven of the Verified Answer, Objection and Counterclaims.

28. Young denies the allegations in paragraph twenty-eight of the Verified Answer, Objection and Counterclaims.

29. Young denies the allegations in paragraph twenty-nine of the Verified Answer, Objection and Counterclaims.

30. Young denies the allegations in paragraph thirty of the Verified Answer, Objection and Counterclaims.

31. Young denies the allegations in paragraph thirty-one of the Verified Answer, Objection and Counterclaims.

32. Young denies the allegations in paragraph thirty-two of the Verified Answer, Objection and Counterclaims.

33. Young denies the allegations in paragraph thirty-three of the Verified Answer, Objection and Counterclaims.

34. Young denies the allegations in paragraph thirty-four of the Verified Answer, Objection and Counterclaims.

35. Young denies the allegations in paragraph thirty-five of the Verified Answer, Objection and Counterclaims.

## SECOND DEFENSE

36. Furthering answering, Young states that the Verified Answer, Objection and Counterclaims fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

37. Further answering, Young states that if Hall sustained any injury or damage, such injury or damage was caused by a person or persons for whose conduct Young is not legally responsible.

## FOURTH DEFENSE

38. Further answering, Young states that the acts complained of were done with the knowledge and consent of Hall.

## FIFTH DEFENSE

39. Further answering, Young states that to the extent he has any obligation to Hall, such obligation has been fully, completely and properly performed in every respect.

## SIXTH DEFENSE

40. Further answering, Young states that Hall has suffered no recoverable damages as the result of any act or omission of Young.

## SEVENTH DEFENSE

41. Further answering, Young states that Hall is estopped from bringing his claim against Young in this Petition to Partition action and/or has waived his right to do so.

## EIGHTH DEFENSE

42. Further answering, Hall states that the Complaint is barred by the Statute of Limitations or laches.

## NINTH DEFENSE

43. Further answering, Young states that this court does not have jurisdiction over this action.

WHEREFORE, Young demands that the Verified Answer, Objection and Counterclaims be dismissed and that the Petition to Partition be remanded to the Dukes County Probate Court.

Robert A. Young, by his Attorney

Dated: July 23, 2004

*Ellen B. Kaplan*
Ellen B. Kaplan BBO #258580
KAPLAN & NICHOLS, P.C.
63 Winter Street
P.O. Box 2198
Edgartown, MA 02539
(508) 627-3900

Certificate of Service

I, Ellen B. Kaplan, hereby certify I have this 23d day of July, 2004, served the foregoing Answer of Robert A. Young to Verified Answer, Objection and Counterclaims of Benjamin L. Hall, Jr. on all parties by mailing copies thereof to Benjamin L. Hall, Jr., P.O. Box 5155, Edgartown, MA, Kenneth L. Kimmell, Esquire, Bernstein, Cushner & Kimmell, P.C., 585 Boylston Street, Suite 400, Boston, MA 02116 and Marcia Mulford Cini, Esquire and Marilyn H. Vukota, Law Offices of Marcia Mulford Cini, P.O. Box 1929, 62 Winter Street, Edgartown, MA 02539.

*Ellen B. Kaplan*
Ellen B. Kaplan

F:\Data\SHARED\WP\Litigation\younganswerEBK.wpd