A. C. 153                                                                                              Docket No. 04E0009-PP1

# COMMONWEALTH OF MASSACHUSETTS

DUKES COUNTY, ss.                                                                                       PROBATE COURT

I, .......... Elizabeth J. Herrmann .........., Register of Probate court for said County of Dukes County, having, by law, custody of the seal and all the records, books, documents, and papers of or appertaining to said Court, hereby certify the papers hereto annexed to be true copies of said papers appertaining to said Court, and on file and of record in the office of said Court, to wit:

Robert A. Young v. Benjamin L. Hall, Jr.
Petition for Partition (2 pp.)
Notice of Appearance (1 p.)
Motion to Intervene by Compass Bank for Savings (3 pp.)
Motion to Waive Guardian ad Litem (1 p.)
Affidavit pursuant to G.L.C.241, Sec.8 (4 pp.)
Motion to Intervene by Benjamin Lambert Hall Real Estate of Martha's Vineyard (4 pp.)
Notice of Appearance of Kenneth L. Kimmell, Esq. (2 pp.)
Motion to Intervene by Clipper Associates Holding Trust (4 pp.)
Verified Answer, Objection and Counterclaims (8 pp.)
Ex Parte Motion for a Temporary Restraining Order (6 pp.)
Motion for Preliminary Injunction (6 pp.)
Motion to Dismiss (3 pp.)
Certificate of Service (1 p.)
Stipulation of the Parties (1 p.)
Motion in Opposition to Relief Requested in Defendant's Motion for a Temporary Restraining Order Ex parte and Defendant's Motion for a Preliminary Injunction (3 pp.)
Order of Assignment (1 p.)

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Court, this .......... twenty-sixth .......... day of .......... July .......... in the year of our Lord ~~one thousand nine hundred~~ .......... two thousand and four ..........

*[signature]* Register.

A. C. 92

# COMMONWEALTH OF MASSACHUSETTS

To the Honorable the Judge of the Probate Court in and for the County of Dukes County:

RESPECTFULLY represents ......Robert A. Young......................................................

of ......Naples, Florida...................... ~~in the County of~~ ..............................................

that    he    holds    as tenant    in common an undivided part or share of the following described land situated in ......Tisbury.................................

in the County of Dukes County, which    he    wishes    to hold in severalty:

The land with the buildings thereon situated in Tisbury, County of Dukes County, Commonwealth of Massachusetts, bounded and described as follows:

Being the same premises shown as "George R. Yates et ux" on a "Plan of Land in Tisbury, Mass., Surveyed for Jon C. & Ann K. Nelson, Trs., May 22, 1979, Scale: 1" = 20', Dean R. Swift, Reg'd Land Surveyor, Vineyard Haven, Mass." recorded with Dukes County Registry of Deeds in Book 367, Page 743, to which plan reference is hereby made for a more particular description, and bounded as follows:

| | |
|---|---|
| Northerly by | land now or formerly of Ann K. Nelson, Trustee of Charles Kahler Charles Realty Trust one hundred six and 33/100 (106.33) feet; thence |
| Easterly by | Main Street fifty-eight and 51/100 (58.51) feet; thence |
| Southerly by | land now or formerly of Marya W. Dabrowski ninety-four and 54/100 (94.54) feet; thence |
| Westerly by | land now or formerly of Bernard S. Issokson et ux forty-two and 99/100 (42.99) feet. |

The common title to said land is derived under - deed of ...Robert A. Young, Trustee of Ye Olde Clipper Realty dated ...May 20, 2004............ recorded with ..Dukes County Registry of... Deeds, Book ...1001...... Page ...1004.......... - ~~will of~~..................................................

~~xxx~~ ~~heirs at law of~~ - ..............................................

~~late of~~ ............................................... ~~in the County of Dukes County, deceased~~ and your petitioner further represents    that the names and residences of all the tenants in common and their respective shares and proportions and the nature thereof, are as follows:

| NAME | RESIDENCE | SHARE | NATURE |
|---|---|---|---|
| Benjamin L. Hall, Jr. | 45 Main Street Edgartown, MA 02539 | 50% | fee simple |
| Robert A. Young | 3538 Haldeman Creek Drive Naples, FL 34112 | 50% | fee simple |

FILED

JUN 1 1 2004

Dukes Probate Court

That the following named persons have or claim to have incumbrances on said land.

| NAME | RESIDENCE | INCUMBRANCE |
|---|---|---|
| Compass Bank for Savings | 91 Main Street Tisbury, MA 02568 | Mortgage |
| Benjamin L. Hall, Trustee of Clipper Associates Holding Trust | 45 Main Street Edgartown, MA 02539 | Mortgage |
| Claudia Canerdy | PO Box 314 Edgartown, MA 02539 | Easement |

~~The petitioner    desire    that all  the following described part  of said land may be ordered to be sold at private sale for not less than                                    dollars.~~

Wherefore your petitioner  prays  that partition be made of all ~~the above described part~~ of the land aforesaid according to law, and to that end that a commissioner be appointed to make such partition and be ordered to make sale and conveyance of all, or any portion of, said land which the Court finds cannot be advantageously divided, either at private sale or public auction, and be ordered to distribute and pay over the net proceeds thereof in such manner as to make the partition just and equal, and the petitioner  certifies  under the penalties of perjury that the statements herein contained are true to the best of  his knowledge and belief.

Dated this _15th_ day of _May_ A.D. 2004

_Robert A. Young_ (signature)
Robert A. Young

The undersigned, being all persons interested, hereby assent to the foregoing petition.

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

DUKES, SS.                                              PROBATE COURT DEPARTMENT

IN RE: PETITION OF ROBERT A. YOUNG   )   DOCKET NO. 04E0009-PP1
                                     )

NOTICE OF APPEARANCE

TO THE CLERK OF THE ABOVE NAMED COURT:

Please enter my appearance in the above matter for Robert A. Young

Dated: May 25, 2004

Ellen B. Kaplan
KAPLAN & NICHOLS, P.C.
63 Winter Street
P.O. Box 2198
Edgartown, Massachusetts 02539
(508) 627-3900
BBO No. 258580

F:\Data\SHARED\WP\Litigation\youngappearanceEBK.wpd

FILED
JUN 1 1 2004

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

DUKES. SS

PROBATE AND FAMILY COURT
DOCKET # 04E0009-PP1

ROBERT A. YOUNG )
                    Plaintiff )
v. )
                             )
BENJAMIN L. HALL, JR. )
                 Defendant )
                             )

DUKES COUNTY, ss    Probate Court

The within motion is hereby allowed - denied

_____
Justice, Probate and Family Court

## MOTION TO INTERVENE BY COMPASS BANK FOR SAVINGS

COMPASS BANK FOR SAVINGS (hereinafter "Compass"), hereby moves this Court to grant it leave to intervene pursuant to M.G.L. c. 241, §6 in the above-entitled action as an interested party. For grounds thereof Compass says that:

1. Compass is a stock savings bank organized and existing under the laws of the Commonwealth of Massachusetts with a principal office at One Compass Place, New Bedford, Massachusetts.

2. Compass is the successor in interest to Martha's Vineyard National Bank, the Mortgagee with respect to a certain Mortgage in the original principal amount of Three Hundred Fifty Thousand Dollars ($350,000.00) granted by Ye Olde Clipper Realty Trust (the "Trust") dated August 14, 1987 and recorded with the Dukes County Registry of Deeds at Book 481, page 445 (the "Mortgage").

3. The Mortgage, by which the Trust granted a security interest in 38 Main Street, Vineyard Haven (Tisbury), Massachusetts, the premises which are the subject of the above-

FILED

captioned action (the "Premises"), was executed by Gino M. Montesi and Benjamin L. Hall, Jr., (the "Original Trustees") as security for a loan (the "Loan") which was evidenced by a promissory note of even date (the "Note").

4. On or about January 30, 1989, Robert A. Young ("Young") was substituted for Gino M. Montesi as a Trustee of the Trust by Resignation and Acceptance of Trustee recorded with said Deeds at Book 515, page 246 and Book 515, page 247 respectively, Benjamin L. Hall, Jr. And Young being the Trustees of record as of May 20, 2004.

5. On or about May 20, 2004, Young terminated the Trust by Trustee Certificate recorded with said Deeds at Book 1001, Page 1003.

6. On or about May 20, 2004, Robert A. Young, as Trustee of the Trust, conveyed the Premises, by quitclaim deed from the Trust to himself and Benjamin L. Hall, Jr., individually, which deed is recorded with said Deeds at Book 1001, page 1004 thereby giving rise to a right of acceleration in the Bank pursuant to Paragraph 15 of the Mortgage.

7. The balance due on the Note as of July 1, 2004 is Two Hundred Forty Three Thousand Four Hundred Two Dollars and Sixty Six Cents ($243,402.66) of principal plus Seven Hundred Seventy Five Dollars Eighty Five Cents ($775.85) of interest, for a total of Two Hundred Forty Four Thousand One Hundred Seventy Eight Dollars and Fifty One Cents ($244,178.51), not taking into account amounts owed the Bank in connection with the instant action.

8. Compass has a substantial interest in this action as the Premises named for Partition are encumbered for the benefit of the Bank on account of the Loan.

WHEREFORE, Compass respectfully requests that it be allowed to intervene as an interested party in this action.

Respectfully submitted,<br>
Compass Bank for Savings<br>
By its Attorneys,<br><br>
<i>/s/ Marcia M. Cini</i><br>
Marcia Mulford Cini BBO#564159<br>
Marilyn H. Vukota, BBO#633225<br>
The Law Offices of Marcia Mulford Cini<br>
P.O. Box 1929<br>
62 Winter Street<br>
Edgartown, MA 02539<br>
(508) 627-1320

Dated: June 29, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true [copy of the] above document was ser[ved upon the] attorney of record for each [other] party appearing [in this matter]
[Date:] June 29, 2004

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

DUKES, SS.                                          PROBATE COURT DEPARTMENT

IN RE:  PETITION ROBERT A. YOUNG  )   DOCKET NO 04E0009-PP1
                                  )

## MOTION TO WAIVE GUARDIAN AD LITEM

Robert A. Young, the above named Petitioner, hereby moves to waive the appointment of a Guardian ad Litem in this matter.

As reasons for his Motion, Petitioner states that he and Benjamin L. Hall, Jr., are the owners of the fee in the property as tenants in common; that said owners are individuals over the age of 18 and are not under any disability; that are no unknown or unascertained interested parties; and that none of the interested parties are minors or incompetents or under disability.

Dated: July 6, 2004

DUKES COUNTY, ss   Probate Court
_____ 20_____
The within motion is hereby allowed-denied

_____
Justice, Probate and Family Court

F:\Data\SHARED\WP\Litigation\youngmotionEBK.wpd

Ellen B. Kaplan
KAPLAN & NICHOLS, P.C.
63 Winter Street
P.O. Box 2198
Edgartown, MA 02539
(508) 627-3900
BBO No. 258580

FILED
JUL 6  2004

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

DUKES, SS.                                          PROBATE COURT DEPARTMENT

_____
                                    )
IN RE: PETITION ROBERT A. YOUNG     )   DOCKET NO 04E0009-PP1
                                    )
_____)


AFFIDAVIT PURSUANT TO G.L.C. 241, § 8


I, Ellen B. Kaplan, under oath, depose and say the following,:

1. I am attorney for the above named petitioner, Robert A. Young;

2. On June 17, 2004, I mailed, by certified mail, return receipt requested, notice of the above petition to Compass Bank for Savings, 91 Main Street, Edgartown MA, 02539. which, according to the receipt, was thereafter duly received by said bank;

3. On June 17, 2004, I mailed, by certified mail, return receipt requested, notice of the above petition to Benjamin L. Hall, Trustee, Clipper Associates Holding Trust, 45 Main Street, Edgartown, MA 02539 which, according to the receipt, was thereafter duly received by said trustee;

4. On June 17, 2004, I mailed, by certified mail, return receipt requested, notice of the above petition to Benjamin L. Hall Jr., 45 Main Street Edgartown, MA 02539 which, according to the receipt, was thereafter duly received by Mr. Hall;

FILED

5. On June 17, 2004, I mailed, by certified mail, return receipt requested, notice of the above petition to Claudia Canerdy, P.O. Box 314, Edgartown, MA, which, according to the receipt, was thereafter duly received by Ms. Canerdy;

6. In addition, I published said notice in The Martha's Vineyard Times Newspaper on June 24, 2004 and July 1, 2004, and I published said notice in the Vineyard Gazette Newspaper, on July 6, 2004.

Signed under the pains and penalties of perjury this ____ day of July, 2004

Ellen B. Kaplan
BBO No. 258580

F:\Data\SHARED\WP\Litigation\youngaffidavit.wpd

A. C. 93

Docket No. 04E0009-PP1

# COMMONWEALTH OF MASSACHUSETTS

DUKES COUNTY, ss.                                                                                    PROBATE COURT

TO __BENJAMIN L. HALL, JR. of Edgartown, in said County__

and to all other persons interested.

A petition has been presented to said Court by __ROBERT A. YOUNG__

of __Naples, Florida__ ~~in the County~~,

representing that   he   holds   as tenant in common __an__ undivided

_____ part   or share   of _____ certain land lying in

__Tisbury__ in said County __Dukes County__

and briefly described as follows:

The land with the buildings thereon situated in Tisbury, County of Dukes County, Commonwealth of Massachusetts, bounded and described as follows:

Being the same premises shown as "George R. Yates et ux" on a "Plan of Land in Tisbury, Mass., Surveyed for Jon C. & Ann K. Nelson, Trs., May 22, 1979, Scale: 1" = 20', Dean R. Swift, Reg'd Land Surveyor. Vineyard Haven, Mass." recorded with Dukes County Registry of Deeds in Book 367, Page 743, to which plan reference is hereby made for a more particular description, and bounded as follows:

| | |
|---|---|
| Northerly by | land now or formerly of Ann K. Nelson, Trustee of Charles Kahler Charles Realty Trust one hundred six and 33/100 (106.33) feet; thence |
| Easterly by | Main Street fifty-eight and 51/100 (58.51) feet; thence |
| Southerly by | land now or formerly of Marya W. Dabrowski ninety-four and 54/100 (94.54) feet; thence |
| Westerly by | land now or formerly of Bernard S. Issokson et ux forty-two and 99/100 (42.99) feet. |



It is ordered that notice of said proceeding be given by delivering or mailing by registered or certified mail a copy of the foregoing citation to all persons interested whose addresses are known fourteen days at least before said return day, and if any person is not so served, by mailing a copy thereof to the last known address of such person fourteen days at least before said return day; and by publishing a copy thereof once in each week for three successive weeks in ~~the Vineyard Gazette~~, a newspaper published in ~~said Edgartown~~ Dukes County, the last publication to be one day at least before said return day.

Witness, ~~John S. MacDougald Jr.~~, Esquire, Judge of said Court, this ____eleventh____ day of ____June, 2004____ ~~xxxx~~.

_____ Register.

July 6, 2004 19__.

I certify under the penalties of perjury that I have served the foregoing citation by _mailing_ a copy by certified mail to each interested party on June 17, 2004 and by publishing in the Martha's Vineyard Times on a citation dated 7/1/04 and in the Vineyard Gazette on 7/6/04

_____

COMMONWEALTH OF MASSACHUSETTS

DUKES, SS                                          PROBATE COURT
                                                   DOCKET NO. 04-E0009-PP1

ROBERT A. YOUNG,                    )
                                    )
            Plaintiff,              )         DUKES COUNTY, ss    Probate Court
                                    )
v.                                  )         The within motion is hereby allowed - denied
                                    )
BENJAMIN L. HALL, JR.               )         _____
                                    )         Justice, Probate and Family Court
            Defendant.              )
                                    )

**MOTION TO INTERVENE
BY BENJAMIN LAMBERT HALL REAL ESTATE OF MARTHA'S VINEYARD**

Pursuant to M.G.L. c. 241, Section 6, Benjamin Lambert Hall Real Estate of Martha's Vineyard f/k/a Benjamin Hall Real Estate ("Hall Real Estate") hereby moves to intervene in the petition for partition filed by Robert A. Young ("Young") with the Dukes County Probate Court and dated June 11, 2004. For the reasons set forth below, this Motion should be granted.

**FACTUAL BACKGROUND**

In his petition, Young is seeking partition of land he claims to own as a tenant in common with Benjamin L. Hall, Jr. ("Hall, Jr."). The land described in the petition is located on Main Street in the Town of Tisbury, Dukes County (the "Property") and was owned by Ye Olde Clipper Realty Trust (the "Trust") until the Trust was terminated by Young on May 20, 2004.

Hall Real Estate has been performing real estate management services for the Trust almost since it was formed and continues to perform these services to this day for Young and Hall, Jr. The services rendered have consisted of managing certain financial affairs (including

writing checks to the mortgage holders and for taxes, utilities, etc.), arranging for repair of the building located on the Property, and responding to inquiries from tenants.

While Hall Real Estate has rendered substantial services, it has not been paid. Hall Real Estate was aware that the Trust was in default under certain of its other financial obligations, and has not aggressively pursued its claim for payment. However, the Trust, Young and Hall, Jr. have been aware that Hall Real Estate has continued to render services for their benefit with the full expectation that it would be reimbursed when financial resources permitted it. Hall Real Estate has received a written acknowledgment that it is owed monies for services rendered. In 2002, Hall Real Estate entered into a settlement with the Trust, Young, Hall, Jr. and other parties which, among other things, resolved its claims for fees due for services rendered. On February 26, 2004, Young unilaterally withdrew from the settlement. Hall Real Estate objects to his withdrawal and is now forced to file this Motion to Intervene to protect its interests.

## ARGUMENT

Chapter 241, Section 6 of the Massachusetts General Laws provides in pertinent part

> Mortgagees, lienors, attaching creditors and other persons having or claiming encumbrances on the land shall not be parties, but shall be named in the petition and given such notice as the court may order, and shall be permitted to intervene so far as may be necessary to protect their interests in the land or to establish their rights in the proceeds of a sale.

M.G.L. c. 241, Section 6. Hall Real Estate claims an encumbrance on the Property. In addition, Hall Real Estate has an equitable lien on the Property. In order to prove that there is an equitable lien on certain property, a party need not show that he has an express written contract evidencing the lien. When a debt or obligation is implied by the course of dealings between the parties, a court may find that there is an equitable lien. *Meteor Products Co. Inc. v. Societe d'electro chimie et d'electro Metallurgie et al.*, 263 Mass. 543, 548-549 (1928). Hall Real Estate must be

permitted to intervene in this proceeding so that it can protect its interests in the Property and/or establish its rights in the proceeds of a sale.

The debt owed to Hall Real Estate has not been listed as an encumbrance in Young's petition. Hall Real Estate believes Young may have filed his petition for partition to avoid his obligations to Hall Real Estate. Young's actions constitute an unfair and deceptive act and practice under Chapter 93A, Section 2 of the Massachusetts General Laws. The courts have found that an abuse of process may constitute a 93A claim. *See Refuse & Environmental Systems, Inc. v. Industrial Services of America*, 932 F.2d 37, 42-43 (1st Cir. Mass. 1991). Since Young reached a settlement with Hall Real Estate and other parties, he is estopped from bringing this action for partition, and the Court should require Young to proceed with the terms of the settlement.

## CONCLUSION

For the reasons set forth above, Hall Real Estate's Motion to Intervene should be granted.

Respectfully submitted,

Benjamin Lambert Hall Real Estate
of Martha's Vineyard

By its attorneys,

_____
Kenneth L. Kimmell, Esq. (BBO# 555796)
BERNSTEIN, CUSHNER & KIMMELL, P.C.
585 Boylston Street, Suite 400
Boston, MA 02116
phone: (617) 236-4090
fax: (617) 236-4339

Dated: July 6, 2004

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Intervene was served by first class mail, postage prepaid, on July 6, 2004 on the following:

Ellen B. Kaplan, Esq.  
Kaplan & Nichols  
63 Winter Street, Box 2198  
Edgartown, Massachusetts 02539

Marcia Mulford Cini, Esq.  
Law Offices of Marcia Mulford Cini  
62 Winter Street, Box 1929  
Edgartown, Massachusetts 02539

Benjamin L. Hall, Jr.  
45 Main Street  
P.O. Box 5155  
Edgartown, Massachusetts 02539

                                                          Jeffrey M. Bernstein