UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENJAMIN HALL, JR.,       )<br>          Plaintiff     )<br>vs.                              )       DOCKET NO. 1:04-CV-11563-NMG<br>                                    )<br>ROBERT A. YOUNG,    )<br>          Defendant   )  | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION OF ROBERT A. YOUNG TO REMAND

This is an action for the partition and sale of real estate which was originally commenced in the Massachusetts Probate Court in Dukes County and removed to this court by Benjamin L. Hall, Jr. ("Hall") pursuant to 28 U.S.C. §§ 1332(a)(1) and 1446(b) on the grounds that there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Robert A. Young ("Young") moves to remand the case for the reasons that a) Hall has waived his right to remove the action to this court by invoking the process of the state court where the action was originally filed and undertaking to defend the action in the state court; and b) all defendants who have been served and who are eligible to remove the action to federal court have not timely filed notices of removal or timely joined in or assented to Hall's removal petition.

### FACTS

1.   On May 25, 2004, Young commenced this action by filing in the Massachusetts Probate Court in Dukes County a Petition for the Partition and Sale of Real Estate located in

1

Tisbury, County of Dukes County, Massachusetts pursuant to the provisions of Massachusetts General Laws chapter 241;

2. On June 17, 2004, service was made on Hall and on Compass Bank for Savings, Benjamin L. Hall, Trustee of Clipper Associates Holding Trust, and Claudia Canerdy, the holders of encumbrances on the property in accordance with Massachusetts General Laws Chapter 241, § 8 and the Citation issued by the Massachusetts Probate Court for Dukes County;

3. On June 29, 2004, July 6, 2004 and July 12, 2004, responsive pleadings were filed in the state court and served by Compass Bank for Savings and Benjamin L. Hall, Trustee of Clipper Associates Holding Trust;

4. On July 7, 2004, Hall filed in the state court and served a Verified Answer, Objection & Counterclaims, Defendant's Motion for Temporary Restraining Order Ex Parte, Defendant's Motion to Dismiss and Defendant's Motion for a Preliminary Injunction

5. On July 9, 2004, Hall notified counsel for Young, Compass Bank for Savings, Clipper Associates Holding Trust and Benjamin Lambert Hall Real Estate of Martha's Vineyard that a hearing on Defendant's (Hall's) motions was scheduled on Monday, July 12, 2004 in the Massachusetts Probate Court at New Bedford, Massachusetts;

6. On July 12, 2004, at the hearing on Defendant's motions in the Massachusetts Probate Court at New Bedford, Massachusetts, the Court denied without prejudice Hall's Motion for a Temporary Restraining Order Ex Parte, and Hall and Young, by his attorney, signed and filed a Stipulation of the Parties;

7. Thereafter, on July 12, 2004, Hall filed a Notice of Removal of Action from the Probate Department of the Trial Court of the Commonwealth of Massachusetts County of Dukes County No. 04-E0009-PP1 in this court alleging diversity of citizenship among all parties and an amount in controversy in excess of $75,000;

8. As of this date, which is more than thirty days from the date of service on them, neither Compass Bank for Savings, nor Clipper Associates Holding Trust has filed a Notice of Removal of the action nor have any of said parties joined in or assented to the removal petition filed by Hall;

## ARGUMENT

### I. HALL HAS WAIVED HIS RIGHT TO REMOVAL

A party who proceeds to defend an action filed in a state court or who manifests an intent to litigate in state court or who otherwise invokes the process of the state court before removing the action to federal court has been held to have waived the right to remove even when, as here, the notice of removal was timely filed. Wolfe v. Wal-Mart Corp., 133 F. Supp. 2d 889, 892 (N.D. West Va 2001); Brown v. Demco, Inc., 792 F. 2d 478, 481 (5th Cir. 1986). See also, Scholz v. RDV Sports, Inc., 821 F. Supp 1469 (M.D. Fla. 1993).

Although filing an answer, affirmative defenses and a counterclaim in state court may not be sufficient activity to constitute a waiver of the right to remove, see, The Miami Herald Publishing Company v. Ferre, 606 F. Supp 122, 124 (S.D. Fla. 1984) ("The court is unpersuaded by plaintiffs' argument that the defendants herein have waived their right to removal by filing an answer and affirmative defenses in state court."), Hall did more than that. Hall requested affirmative relief from the state court by filing motions for injunctive relief and to dismiss

3

Young's action and scheduled a hearing on the motions. Hall was not compelled to take such action under the state court rules or for any other reason. No action had been taken by Young or by any of the parties holding liens or encumbrances on the property which required a defense by Hall or the affirmative action taken by him. Moreover, Hall knew that the case was removable under 28 U.S.C. §§ 1332(a)(1) when he received the Citation before the end of June, 2004, but Hall, nevertheless, sought affirmative relief from the state court before removing the case. In addition, the contents of Hall's notice of removal and the timing of its filing - on the afternoon of the day on which Hall had caused a hearing on motions to be scheduled in the state court - indicate that Hall contemplated federal jurisdiction before filing the motions and scheduling the hearing. Such actions by Hall constitute a waiver of Hall's right to remove. Scholz v. RDV Sports, Inc., supra (holding that a defendant who filed a motion to dismiss and an amended motion to dismiss in state court and scheduled state court hearings on the motions had manifested an intent to litigate in state court and had waived its rights to remove the action to federal court); Wolfe v. Wal-Mart Corp., supra (Wal-Mart had adequate and unequivocal notice that the action was removable when it filed its motion for summary judgment; its actions demonstrate an intent to litigate in state court resulting in a waiver of its right to remove.); Haefitz v. Interfirst Bank of Dallas, 711 F. Supp. 92, 96 (S.D.N.Y. 1989) (by filing a motion to dismiss and a reply brief whose contents indicated that defendant had contemplated federal jurisdiction before filing its pleadings in state court, defendant waived the right to remove). Because Hall's actions prior to removal demonstrate a waiver of the right to remove, remand to state court is warranted.

II.  THE ABSENCE OF TIMELY ASSENT OR JOINDER IN REMOVAL REQUIRES REMAND

The federal removal statute, 28 U.S.C. § 1446(a) and (b), provides that, to remove a state court action to federal court, a defendant wishing to remove the action must file in the federal district court a notice of removal within thirty days after receipt of the initial pleading or service of process. The removal statute is strictly construed. Danca v. Private Healthcare Systems, Inc., 185 F.3d 1, 4 (1st Cir. 1999); Murphy v. Newell Operating Company, 245 F. Supp. 2d 316, 318 (D. Mass. 2003). In cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition. Garside v. Osco Drug, Inc., 702 F. Supp. 19, 21 (D. Mass. 1988). This rule of unanimity requires that all defendants file their notices of removal or consent to removal clearly and unambiguously within thirty days of being served and, in effect, the rule gives each defendant a veto over removal. Garside v. Osco Drug, Inc., supra; Sansone v. Morton Machine Works, Inc., 188 F. Supp. 2d 182, 184 (D.R.I. 2002). "The failure of unanimous consent to removal constitutes a 'defect in removal procedure' and is grounds for remand." Sansone v. Morton Machine Works, Inc., supra, quoting from F. D. I. C. v. Lloyd, 955 F. 2d 316, 320 (5th Cir. 1992).

Although there are exceptions to the rule of unanimity, none of the exceptions is applicable here. This is not a case where some parties had not been served with the state court process at the time of Hall's notice of removal. See, Salveson v. Western States Bancard Association, 731 F. 2d 1423, 1429 (9th Cir. 1984); Murphy v. Newell Operating Company, supra. All parties had been served by July 12, 2004 when Hall removed the action, and they were participating in the case. Nor is this a case where a federal statute has eliminated the

5

requirement of unanimity; See, e.g. 28 U.S.C. §§ 1441(c), 1442. Nor is this a case where any party is a nominal party. The test for deciding whether a party is a nominal party has been stated as "whether in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience which would not in any way be unfair or inequitable to the plaintiff." Farias v. Bexar County Board of Trustees for Mental Health Retardation Services, 925 F. 2d 866, 871 (5th Cir. 1991) quoting from Stonybrook Tenants Association, Inc. v. Alpert, 194 F. Supp. 552, 559 (D. Conn. 1961). The holders of liens and encumbrances are essential parties to this action which seeks to compel the sale of real estate and to distribute the proceeds of the sale to those entitled to a share of the proceeds in accordance with their respective interests, all of which must be determined by the court.

Since neither Compass Bank for Savings, nor Clipper Associates Holding Trust has filed a Notice of Removal nor joined in or clearly and unambiguously indicated to the court their assent to the removal petition filed by Hall within thirty days of service on them, the requirement of unanimity among defendants has not been met, and the removal by Hall is invalid.

## CONCLUSION

For the reasons stated above, this case should be remanded to the Massachusetts Probate Court in Dukes County.

Robert A. Young, by his Attorney

Dated: August 6, 2004

Ellen B. Kaplan BBO #258580
KAPLAN & NICHOLS, P.C.
63 Winter Street, P.O. Box 2198
Edgartown, MA 02539
(508) 627-3900

Certificate of Service

I, Ellen B. Kaplan, hereby certify I have this _____ day of March, 2004, served the foregoing Memorandum of Law in Support of Motion of Robert A. Young to Remand on all parties by mailing copies thereof to Benjamin L. Hall, Jr., P.O. Box 5155, Edgartown, MA, Kenneth L. Kimmell, Esquire, Bernstein, Cushner & Kimmell, P.C., 585 Boylston Street, Suite 400, Boston, MA 02116 and Marcia Mulford Cini, Esquire and Marilyn H. Vukota, Law Offices of Marcia Mulford Cini, P.O. Box 1929, 62 Winter Street, Edgartown, MA 02539.

/s/ Ellen B. Kaplan
Ellen B. Kaplan

F:\Data\SHARED\WP\Litigation\young\memorandumEBK.wpd