```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


                               Docket No.:  1:04-CV-11563-NMG

_____
                               )
ROBERT A. YOUNG,               )  **DEFENDANT,**
        Plaintiff-Petitioner   )  **BENJAMIN L. HALL, JR.'S**
                               )  **MEMORANDUM OF LAW**
v.                             )  **IN OPPOSITION TO**
                               )  **PLAINTIFF'S MOTION TO**
BENJAMIN L. HALL, JR.,         )  **REMAND**
        Defendant-Respondent   )
_____)
```

## Introduction

Defendant, Benjamin L. Hall, Jr. (hereinafter, Defendant) submits this Memorandum of Law in Opposition to Plaintiff's, Robert A. Young (hereinafter, Plaintiff) Motion to Remand this matter to the Massachusetts Probate Court for Dukes County.

## Facts

On or about May 25, 2004, Plaintiff, a resident of Naples, Florida, commenced this action against Defendant, a resident of Edgartown, Massachusetts, by filing in the Massachusetts Probate Court for the County of Dukes County a Petition for Partition and Sale of Real Estate, pursuant to Mass. Gen. L. ch. 241.  (See attached Exhibit A:

Petition of Robert A. Young for Partition and Sale of Real Estate, dated 5/25/04).[1]

On or about July 7, 2004, Defendant subsequently filed an Answer and Counterclaim[2] in response to said Petition.

---

[1] The premises at issue consist of real property known and numbered as 38 Main Street, Tisbury, Massachusetts. (See attached Exhibit B: Defendant's Notice of Removal of Action from Dukes County Probate Court to United States District Court for the District of Massachusetts, dated 7/12/04, p.1).
  Plaintiff's Petition for Partition and Sale of Real Estate names Defendant as a tenant in common owning a 50% interest in said real estate. (See Exhibit A, supra).
  However, Defendant denies that the parties hold interests in the premises as tenants-in-common, contending instead that the parties actually hold interests in the premises as tenants-in-partnership, and that Plaintiff therefore lacks capacity to bring the instant action in Plaintiff's individual name, and that the Probate Court also lacks subject matter jurisdiction over this case. (See Exhibit B, supra, p.2); See, also, Webber v. Rosenberg, 318 Mass. 768, 64 N.E.2d 98 (1945), citing Mass. Gen. L. ch. 108A, sec. 8, et seq. (realty purchased with partnership funds and conveyed to partners, no contrary intention appearing, became partnership property and was held by the grantees as tenants in partnership and not as tenants in common)(emphasis added); Id., citing Mass. Gen. L. ch. 241, sec. 2 (tenancies in partnership are not subject to partition in Probate Court)(emphasis added).

[2] Said Answer and Counterclaim includes numerous affirmative defenses and substantive claims against Plaintiff, including 1. failure to name or join necessary parties; 2. fraud; 3. fraud in the inducement; 4. laches; 5. unclean hands; 6. unjust enrichment; 7. lack of standing (based upon the equitable transfer of Plaintiff's interest in the subject property to a trust); 8. estoppel; 9. waiver; 10. breach of contract; 11. breach of a settlement agreement; 12. breach of fiduciary duty; 13. violations of Mass. Gen. L. ch. 93A; 14. violation of the covenant of good faith and fair dealing; 15. abuse of process; 16. malicious prosecution; 17. breach of a

Thereafter, on or about July 12, 2004, Defendant also filed a Notice of Removal of this action to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C.A., sec. 1446 and 28 U.S.C.A., sec. 1332, based upon diversity of citizenship among the parties[3] and based upon the existence of an amount in controversy in excess of $ 75,000.00. (See Exhibit B, supra)[4]

Subsequent to the filing of said Notice of Removal by Defendant, Plaintiff filed, on or about July 23, 2004, in the United States District Court for the District of Massachusetts, an Answer to Defendant's Counterclaim. (See

---

partnership agreement; 18. quantum meruit; 19. equitable tolling of the statute of limitations due to promises made by Plaintiff and due to the forebearance of Defendant; and 20. a claim that the Probate Court lacks subject matter jurisdiction over Defendant's counterclaims. (See attached Exhibit C: Verified Answer, Objections and Counterclaim of Defendant, Benjamin L. Hall, Jr., dated 7/7/04, p.5-6).

[3]    Plaintiff concedes that Plaintiff is a resident of Naples, Florida, and that Defendant is a resident of Edgartown, Massachusetts. (See Exhibit A, supra).

[4]    In said Notice of Removal, Defendant indicates that "[while] this action, on the face of [Plaintiff's] Complaint-Petition in the state [Probate] [C]ourt, appears to be an action seeking to partition certain real estate alleged [to be] held by the parties as tenants-in-common[,]...[in actuality] the matter involves 1. claims of partners to the premises, [for] which other contract and tort legal and equitable claims are being made, under common law, and under...[Mass. Gen. L. ch. 108A][and][Mass. Gen. L. ch. 93A]; [and] 2. equitable defenses and remedies,...including that of specific performance [and] constructive trust." (See Exhibit B, supra).

attached Exhibit D:  Answer of Robert A. Young to Verified Answer, Objection and Counterclaims of Benjamin L. Hall, Jr., dated 7/23/04).

Thereafter, on or about August 6, 2004, after having already filed in the United States District Court for the District of Massachusetts an Answer to Defendant's Counterclaim, Plaintiff served upon Defendant Plaintiff's instant Motion to Remand this matter to the Massachusetts Probate Court for Dukes County.  (See Motion of Robert A. Young to Remand, dated 8/6/04).

In Plaintiff's Motion to Remand, Plaintiff asserts that "on June 17, 2004, service [of Plaintiff's Petition for Partition and Sale of Real Estate] was made on [Defendant] and on the holders of encumbrances on the property in accordance with the Citation issued by the Massachusetts Probate Court for Dukes County."  (See Motion of Robert A. Young to Remand, dated 8/6/04, p.2).[5]

Plaintiff further asserts that "on [or about] June 29, 2004, Compass Bank for Savings filed in the Massachusetts

---

[5]   Pursuant to Plaintiff's Petition for Partition and Sale of Real Estate, the holders of encumbrances on the property at issue consist of Compass Bank for Savings, of Tisbury, Massachusetts, as the holder of a mortgage; Benjamin L. Hall, Trustee of Clipper Associates Holding Trust, of Edgartown, Massachusetts, as the holder of a mortgage; and Claudia Canerdy, of Edgartown, Massachusetts, as the holder of an easement.  (See Exhibit A, supra, p.2).

4

Probate Court for Dukes County...a Motion to Intervene in [this] action, pursuant to Mass. Gen. L. ch. 241, sec. 6." (See Motion of Robert A. Young to Remand, dated 8/6/04, p.2; See, also, attached Exhibit E:  Motion to Intervene by Compass Bank for Savings, dated 6/29/04).

Plaintiff also asserts that on or about July 6, 2004, "Clipper Associates Holding Trust and Benjamin Lambert Hall Real Estate of Martha's Vineyard [also] filed...Motions to Intervene in [this] action pursuant to [Mass. Gen. L. ch. 241, sec. 6]." (See Motion of Robert A. Young to Remand, dated 8/6/04, p.2; See, also, attached Exhibit F:  Motion to Intervene by Clipper Associates Holding Trust, dated 7/6/04; See, also, attached Exhibit G:  Motion to Intervene by Benjamin Lambert Hall Real Estate of Martha's Vineyard, dated 7/6/04).

In Plaintiff's Motion to Remand, Plaintiff contends that this matter should be remanded to the Massachusetts Probate Court for Dukes County for the purported reasons that 1. Compass Bank for Savings, Clipper Associates Holding Trust, and Benjamin Lambert Hall Real Estate of Martha's Vineyard, as persons filing motions to intervene, are "parties" in this action, and that said "parties" have not "timely filed notices of removal or timely joined in or assented to [Defendant's] [Notice of Removal]"; that 2. "by

5

invoking the process of the state court where [this] action was originally filed and undertaking to defend the action in [said] state court, [Defendant] has waived his right to remove [this] action to [the United States District Court for the District of Massachusetts]"; and that 3. "there is failure of unanimity among defendants[6] to remove [this] action [to the United States District Court for the District of Massachusetts]."  (See Motion of Robert A. Young to Remand, dated 8/6/04, p.3,4)(emphasis added)).

    However, none of the above-mentioned Motions to Intervene had been acted upon by the Probate Court at the time of the filing of Defendant's July 12, 2004 Notice of Removal, thereby leaving Plaintiff and Defendant as the sole parties in this action at the time of the filing of

---

[6]    It is worth noting here that the only "defendant" named by either Plaintiff, Robert A. Young, or Defendant, Benjamin L. Hall, Jr., in any of the pleadings in this case, at the state or federal level, is Defendant, Benjamin L. Hall, Jr.
    Moreover, even in Plaintiff's instant Motion to Remand, Plaintiff fails to name as "defendants" in the caption of said motion any of the above-mentioned persons who filed motions to intervene at the Probate Court level. (See Motion of Robert A. Young to Remand, dated 8/6/04, p.1).
    It is also worth noting here that due to an apparent scrivener's error, in Plaintiff's Motion to Remand, Plaintiff actually mistakenly names Defendant, Benjamin L. Hall, Jr., as the "plaintiff," in this case, and that Plaintiff likewise mistakenly names Plaintiff, Robert A. Young, as the "Defendant" in this case.  (See Motion of Robert A. Young to Remand, dated 8/6/04, p.1).

said Notice of Removal. See also G.L. c. 241 §6 (lien holders are not parties but shall be allowed to intervene) (See Exhibit B, supra (containing Defendant's document entitled "Motions Pending in the State Court Action Removed Herein," indicating at the time of removal of this case to the United States District Court for the District of Massachusetts the pendency of, inter alia, 1. Motion of Compass Bank For Savings to Intervene; 2. Motion of Benjamin Lambert Hall Real Estate of Martha's Vineyard to Intervene; and 3. Motion of Benjamin L. Hall, as Trustee of Clipper Associates Holding Trust, to Intervene).

For the reasons set forth below, Defendant contends that this honorable court should deny Plaintiff's instant Motion to Remand this matter to the Massachusetts Probate Court for Dukes County, and that this honorable court should allow this action to proceed in the United States District Court for the District of Massachusetts.

## Argument

*I.   Defendant Has Not Waived His Right to Remove this Action to the Federal District Court*

As stated above, in Plaintiff's Motion to Remand, Plaintiff contends that Defendant has waived his right to remove this action to the United States District Court for the District of Massachusetts for the purported reason that

7

"by invoking the process of the state court where [this] action was originally filed and undertaking to defend the action in [said] state court, [Defendant] has waived his right to remove [this] action to [the United States District Court for the District of Massachusetts]." (See Motion of Robert A. Young to Remand, dated 8/6/04, p.4; See, also, Memorandum of Law in Support of Motion of Robert A. Young to Remand, dated 8/6/04, p.3-4, *citing* Wolfe v. Wal-Mart Corp., 133 F.Supp.2d 889 (N.D. West Va 2001), Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986), Scholz v. RDV Sports, Inc., 821 F.Supp. 1469 (M.D. Fla. 1993)).[7]

However, Plaintiff's assertions are without merit, since in Wolfe, supra, a case cited by Plaintiff himself in his instant Motion to Remand, the court held that engaging in discovery and filing motions prior to a case becoming removable does not result in a waiver of a party's right to remove an action that later becomes removable. Wolfe, supra (emphasis added).

---

[7] Specifically, Plaintiff asserts that Defendant waived his right to removal for the purported reason that Defendant "requested affirmative relief from the state court by filing motions for injunctive relief and to dismiss [Plaintiff's] action," and for the further purported reason that Defendant "scheduled a hearing on [said] motions." (See Memorandum of Law in Support of Motion of Robert A. Young to Remand, dated 8/6/04, p.4, *citing* Scholz, supra, Wolfe, supra, Haefitz v. Interfirst Bank of Dallas, 711 F.Supp. 92 (S.D.N.Y. 1989)).

8

Moreover, although the court in Brown, supra, did hold that a defendant who petitions timely for removal may have waived his right to removal by proceeding to defend the action in state court or by otherwise invoking process of that court, Brown, supra, is a Fifth Circuit Court of Appeals case, and, as such, is only persuasive authority, and not mandatory authority binding on the United States District Court for the District of Massachusetts, which sits in the First Circuit.

Furthermore, said holding in Brown, supra, has been recently criticized by the United States District Court for the Southern District of Texas. See Ortiz v. Brownsville Independent School Dist., 257 F.Supp.2d 885, 177 Ed. Law Rep. 180 (S.D.Tex. Feb. 11, 2003), *recognizing disagreement with* Brown, supra.

In addition, although the court in Scholz, supra, held that the filing of motions to dismiss and scheduling of hearings on the motions indicated an intent to litigate in state court and resulted in a waiver of the right to remove the case to federal court, said holding in Scholz, supra, a Florida District Court decision, is likewise only persuasive authority, and not mandatory authority binding on the United States District Court for the District of Massachusetts.

Moreover, the very court that rendered said holding in Scholz, supra, eleven (11) years ago declined to follow its own holding in Scholz, supra, in a more recent decision rendered six (6) years later.  See Hill v. State Farm Mut. Auto. Ins. Co., 72 F.Supp.2d 1353 (M.D.Fla. 1999), *declining to follow* Scholz, supra; Hill, supra (determination of whether waiver of right to remove has occurred by active participation in state court proceedings must be made on a case-by-case basis); Id. (mere filing of motion to dismiss followed by timely and proper removal does not constitute waiver of right to remove through active participation in state court proceedings); Id. (filing of motions to dismiss original and amended complaints did not waive right to make timely removal of action to federal court based on diversity jurisdiction).

In addition, the above-mentioned holding in Scholz, supra, has been greeted with disfavor by two other Federal District Courts and by two Federal Courts of Appeals.  See In re Bridgestone/Firestone, Inc., ATX, ATX II, 128 F.Supp.2d 1198 (S.D.Ind. 2001), *rejecting* Scholz, supra; Bridgestone/Firestone, Inc., supra at 1201 ("we find that the prevailing and better reasoned view on this issue is that the filing of a motion to dismiss in the state court does not constitute a waiver of [the] right to remove [a

10

case to federal court]")(emphasis added); Id. (absent some extreme situation, like fully trying state court case on merits, right to remove cannot be waived)(emphasis added); See, also, Pease v. Medtronics, Inc., 6 F.Supp.2d 1354 (S.D.Fla. 1998), *distinguishing* Scholz, supra; Pease, supra (defendant did not waive its right to remove action by filing motion to dismiss in state court at time when allegations in plaintiff's complaint did not support removal); See, also, Akin v. Ashland Chemical Co., 156 F.3d 1030 (10th Cir. (Okla.) 1998), *distinguishing* Scholz, supra; See, also, Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. (Tex.) 2003), *distinguishing* Scholz, supra; Tedford, supra (waiver of the right to remove a case to federal court must be clear and unequivocal).

While Plaintiff concedes in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Remand that pursuant to The Miami Herald Publishing Company v. Ferre, 606 F.Supp. 122 (S.D.Fla. 1984), "filing an answer, affirmative defenses or a counterclaim in state court may not be sufficient to constitute a waiver of the right to remove," Plaintiff attempts to distinguish Ferre, supra, by asserting that "[Defendant] did more than that [for the purported reason that Defendant] requested affirmative relief from the state court by filing motions for

11

injunctive relief and to dismiss [Plaintiff's] action and scheduled a hearing on the motions." (See Memorandum of Law in Support of Motion of Robert A. Young to Remand, dated 8/6/04, p.3,4, *citing* Ferre, supra).

However, curiously, Plaintiff fails to note that the court in Ferre, supra, specifically held that a city and city officials did not waive the right to remove an action brought by a newspaper and reporter in Florida state court seeking declaratory, injunctive and other relief for alleged destruction of records relating to vote to terminate former city manager by either defending at preliminary injunction hearing or by filing an answer and affirmative defenses in state court prior to filing timely petition for removal. Ferre, supra (emphasis added).

In Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Remand, Plaintiff cites Haefitz, supra, for the proposition that "by filing a motion to dismiss and a reply brief whose contents indicated that the defendant had contemplated federal jurisdiction before filing its pleadings in state court the defendant waived the right to remove." (See Memorandum of Law in Support of Motion of Robert A. Young to Remand, dated 8/6/04, p.4, *citing* Haefitz, supra).

However, in the case at bar, Plaintiff fails to cite any credible evidence to indicate that Defendant "had contemplated federal jurisdiction before filing his pleadings in state court."

Thus, Plaintiff's reliance upon Haefitz, supra, is inapposite to the instant case.

Moreover, Haefitz, supra, as a District Court decision of a different jurisdiction, likewise constitutes only persuasive authority, and not mandatory authority binding on the United States District Court for the District of Massachusetts.

Thus, for the foregoing reasons, Defendant has not waived his right to remove this action to the Federal District Court.

> II.  *There is No "Failure of Unanimity Among Defendants to Remove this Action [to the Federal District Court]," Since those Persons Who Filed Pending Motions to Intervene at the Probate Court Level Do Not Constitute "Defendants" for Purposes of Removal, and, Alternatively, Since the Time Limit to Assent to Removal May Be Waived*

As stated above, in Plaintiff's Motion to Remand, Plaintiff contends that this matter should be remanded to the Massachusetts Probate Court for Dukes County for the purported reason that Compass Bank for Savings, Clipper Associates Holding Trust, and Benjamin Lambert Hall Real

13

Estate of Martha's Vineyard, as persons filing motions to intervene, are "parties" in this action, and that said "parties" have not "timely filed notices of removal or timely joined in or assented to [Defendant's] [Notice of Removal]," thereby resulting in a "failure of unanimity among defendants to remove [this] action [to the United States District Court for the District of Massachusetts]." (See Motion of Robert A. Young to Remand, dated 8/6/04, p.3,4; See, also, Memorandum of Law in Support of Motion of Robert A. Young to Remand, dated 8/6/04, p.5-6, *citing* Danca v. Private Healthcare Systems, Inc., 185 F.3d 1 (1st Cir. 1999), Murphy v. Newell Operating Company, 245 F.Supp.2d 316 (D.Mass. 2003), Garside v. Osco Drug, Inc., 702 F.Supp. 19 (D.Mass. 1998), Sansone v. Morton Machine Works, Inc., 188 F.Supp.2d 182 (D.RI 20002)).

Plaintiff cites Danca, supra, and Murphy, supra, for the proposition that "the removal statute is strictly construed." (See Memorandum of Law in Support of Motion of Robert A. Young to Remand, dated 8/6/04, p.5, *citing* Danca, supra).

However, in Brown, supra, a case cited by Plaintiff himself in his instant Motion to Remand, the court noted that the time limitation for removal is not jurisdictional and, therefore, may be waived. See Brown, supra; See,

14

also, Tedford, supra (time limit for removal is not jurisdictional; it is merely modal and formal and may be waived); Id. (time requirements in lawsuits between private litigants are customarily subject to equitable tolling).

Plaintiff cites Garside, supra, and Sansone, supra, for the proposition that "in cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition." (See Memorandum of Law in Support of Motion of Robert A. Young to Remand, dated 8/6/04, p.5, *citing* Garside, supra, Sansone, supra).

However, as stated above, the only "defendant" named by either Plaintiff, Robert A. Young, or Defendant, Benjamin L. Hall, Jr., in any of the pleadings in this case, at the state or federal level, is Defendant, Benjamin L. Hall, Jr.

Thus, Compass Bank for Savings, Clipper Associates Holding Trust, and Benjamin Lambert Hall Real Estate of Martha's Vineyard do not constitute "defendants" within the meaning of Garside, supra, and Sansone, supra.

Moreover, as stated above, at the time of the filing of Defendant's Notice of Removal, the Motions to Intervene of Compass Bank for Savings, Clipper Associates Holding Trust, and Benjamin Lambert Hall Real Estate of Martha's Vineyard had not yet been decided by the Probate Court and

15

G.L. c. 241 §6 clearly deems these lien holders Not to be parties until they have intervened.

Thus, said persons were not made "defendants" to the instant action merely by virtue of their filing of said Motions to Intervene.

For the foregoing reasons, contrary to Plaintiff's assertion, there is no "failure of unanimity among defendants to remove this action."

Alternatively, assuming, arguendo, that Compass Bank for Savings, Clipper Associates Holding Trust, and Benjamin Lambert Hall Real Estate of Martha's Vineyard do constitute "defendants" in the instant action by virtue of their filing of the above-mentioned Motions to Intervene, Defendant asserts that since the time limit for said persons to assent to Defendant's Notice of Removal may be waived, this honorable court should deny Plaintiff's Motion to Remand.

> *III. Plaintiff Has Waived Plaintiff's Right to Remand this Case to the Probate Court, By Virtue of Filing in the Federal District Court an Answer to Defendant's Counterclaim*

As stated above, Plaintiff served upon Defendant Plaintiff's instant Motion to Remand after Plaintiff had already filed in the United States District Court for the

16

District of Massachusetts an Answer to Defendant's Counterclaim.

Defendant contends that since Plaintiff had already filed in the Federal District Court an Answer to Defendant's Counterclaim, Plaintiff waived his right to remand this case to the state Probate Court. <u>See</u> 32A Am.Jur.2d Federal Courts, sec. 1719 (West 2004), *citing* <u>Wade v. Fireman's Fund Inc. Co.</u>, 716 F.Supp. 226 (MD La.), *et seq.* ("even if there are irregularities in the removal proceeding, if a Federal District Court otherwise has jurisdiction and a plaintiff acquiesces in that jurisdiction by affirmative act, such as by participating in federal discovery and attending federal status conferences, or vigorously prosecuting the case after removal, the plaintiff's motion to remand may be denied on theories of waiver or estoppel"); <u>See</u> 32A Am.Jur.2d Federal Courts, sec. 1719, <u>supra</u>, *citing* <u>Henderson v. Maryland Casualty Co.</u>, 62 F.2d 107 (5th Cir.), *cert. denied,* 289 U.S. 727, 77 L.Ed. 1477, 53 S.Ct. 528 ("<u>filing a new</u> or amended <u>pleading [in the Federal District Court after removal]...may constitute a waiver of the right to remand</u>")(emphasis added)

In the instant case, the filing in the Federal District Court by Plaintiff of an Answer to Defendant's

17

Counterclaim clearly constitutes the "filing of a new pleading" in the Federal District Court after removal, thereby constituting a waiver of Plaintiff's right to remand. <u>Henderson</u>, <u>supra</u>.

Thus, for the foregoing reasons, Defendant respectfully requests that this honorable court deny Plaintiff's Motion to Remand.

### Conclusion

Based upon all of the foregoing reasons, Defendant respectfully request that this honorable court deny Plaintiff's Motion to Remand this matter and allow this action to proceed in the United States District Court for the District of Massachusetts.

Respectfully Submitted,
Benjamin L. Hall, Jr.,
Defendant,

Dated: 5/20/04

Benjamin L. Hall, Jr., Esq.
BBO#: 547622
P.O. Box 5155 - 45 Main St.
Edgartown, MA  02539-5155
(508) 627-5900

CERTIFICATE OF SERVICE

     I, Benjamin L. Hall, Jr., hereby certify that on the date subscribed below I served a copy of the foregoing documents by the following methods: facsimile to the numbers indicated below, and/or in hand and/or by mailing first-class mail, postage prepaid to the following:

Kenneth L. Kimmel, Esq.
Bernstein, Cushner & Kimmel, PC
617-236-4339 FAX
585 Boylston Street- Suite 400
Boston, MA 02116

Marcia Mulford Cini, Esq.
Law Offices of Marcia Mulford Cini, Esq.
508-627-9119 FAX
62 Winter St. PO Bx 1929
Edgartown, MA 02539

Ellen B. Kaplan, Esq.
Kaplan and Nichols, P.C.
508-627-3399 FAX
63 Winter Street P.O. Box 2198
Edgartown, MA 02539

_8/20_, 200_4_

Benjamin L. Hall, Jr.