COMMONWEALTH of MASSACHUSETTS

County of Dukes, ss.                         PROBATE COURT
                                             DOCKET NO. 04-E0009-PP1

ROBERT A. YOUNG,                     )
                                     )
         Plaintiff-Petitioner,       )   VERIFIED
vs.                                  )   ANSWER, OBJECTION &
                                     )   COUNTERCLAIMS
BENJAMIN L. HALL, JR.,               )
                                     )
         Defendant-Respondent.       )

   NOW COMES THE DEFENDANT-RESPONDENT, Benjamin L. Hall, Jr., PRO SE, and, as and for his ANSWER, OBJECTION & COUNTERCLAIMS to the Petition of Plaintiff, Robert A. Young, states and requests judgment as follows:

### PARTNERSHIP / LACK OF CAPACITY/LACK OF SUBJECT MATTER JURISDICTION & BACKGROUND OF YOUNG'S BREACHES AND BAD FAITH & REQUEST FOR JUDGMENT

   1.   Defendant denies that the parties hold interests as tenants-in-common, but rather as tenants-in-partnership. Young thus lacks capacity to bring the within action in his individual name and this court lacks subject matter jurisdiction over this case.

   2.   Ye Olde Clipper Realty Trust u/d/t August 14, 1987 ("YOCRT") acquired the realty interests in the premises that is the subject of this action on the same date it was formed. YOCRT was and continues to be a partnership. It has its own bank account under its own name and Federal Tax Identification number. Alternatively, the true beneficiary of YOCRT is a joint venture partnership of the parties. YOCRT was designed as a holding entity to acquire the premises and hold the premises as a real estate investment for profit. The original beneficiaries were Gino Montesi and Defendant, each with a 50% interest. The obligations incurred to acquire the premises included notes secured by mortgages to the Martha's Vineyard National Bank ("MVNB Note") and to Levett & Tolin Realty Trust, the seller ("L&T Note"). The obligations were incurred by Defendant and Montesi jointly and severally. Profits and losses were to be and have been shared equally. Opportunities relating to the partnership were offered first to the other partner or partnership before the individual partner or related entities would undertake such opportunity on its own.

3.  Hall Real Estate, a family operated business in which Defendant was a principal, it was agreed, would act as manager of the property, taking all calls, managing tenant complaints, arranging maintenance, bookkeeping including paying all bills and mortgage payments and accounting for all rents and costs, and finding tenants under an exclusive arrangement, all at the reasonable cost such services were generally charged on Martha's Vineyard. It was agreed Defendant, an attorney, would provide legal services to YOCRT, largely for landlord-tenant matters, including lease drafting and negotiation and compliance issues relating thereto and land use and insurance matters at the reasonable cost such services were generally charged on Martha's Vineyard, but at a rate lower than Defendant charged other clients. If cash flow was insufficient to cover mortgage debts or other expenses, the partners would each pay 50% of the shortfall. For the first few years, Hall Real Estate agreed, because Defendant was a principal, under a guaranty of payment from both Montesi and Defendant, that accruing charges for management and brokerage would accrue at interest until such time as cash flow allowed repayment to begin or until such time as Hall Real Estate demanded payments. Hall Real Estate has been assured repeatedly of payment, but, on information, has only received a few small payments. For the first few years, Defendant agreed, under a guaranty of payment from both Montesi and Defendant, that accruing charges for legal work would accrue at interest until such time as cash flow allowed repayment to begin or until such time as Defendant demanded payments. Defendant has been assured repeatedly of payment, but, on information, has only received a few small payments.

4.  When Young succeeded to the partnership interests (both assets and liabilities) of Montesi in or about 1989, this occurred with permission of Defendant. Young was an experienced businessman who understood business organizations, the law and real estate investment. Young pledged to use his financial assets to further the YOCRT partnership accordingly. Young was guided by counsel throughout the relevant period. The admission of Young to the YOCRT partnership was allowed with the understanding Young, through his company, Vineyard Shoppes, LTD aka Mad Martha's Ice Cream, would undertake, at its sole expense, to design, permit, build and develop an ice cream shop on a portion of the premises. It was anticipated that upon completion of the construction, the premises would then be converted to condominiums and the partnership dissolved with the individual condo units distributed to the individual partners. Young would get his ice cream shop among other units to be equitably

distributed. Young breached this agreement. Young agreed to a payment plan for the Hall Real Estate management services, but then rescinded and breached that agreement.

5. Young then proposed that YOCRT should build the ice cream shop and he would pay rent equal to a three year pay back of all costs of construction related to the ice cream shop. YOCRT would continue to operate the entire premises and the condo idea would be abandoned. Young also agreed to fund a repayment of the management fees incurred by Defendant and Hall Real Estate and legal fees charged to YOCRT by Defendant. On reliance of this proposal, Defendant incurred debt to fund the proposal. Construction commenced, but Young then ordered a cessation of work and requested a one year delay in the project, due to Young's deteriorated medical condition (on information, he had had a stroke). Young agreed to pay Defendant's costs of debt service during this period.

6. Young thereafter breached these agreements. Young did not pay Defendant's debt service. Young refused to authorize YOCRT to pay legal and management fees that continued to mount as both YOCRT required these services and Young himself, requested and benefited from these services. Young refused to authorize resumption of construction. Young thereafter ceased paying his share of the cash shortfall incurred by YOCRT. This caused the Levett & Tolin mortgage note ("L&T Note") to go into default. Young authorized payments only of the MVNB Note on a current basis and of the L&T Note only on a cash available basis.

7. On information and belief, Young's actions were intentionally calculated to impair the value of the L&T Note to enable Young to acquire the L&T Note at a discount and then force the YOCRT partnership premises into foreclosure, at which point YOUNG would acquire the premises at a discount. Young, through an agent, recognizing his fiduciary duty to the YOCRT partnership, offered Defendant a participation in acquiring the L&T Note. Defendant declined and admonished Young to not attempt to undertake actions contrary to the partnership fiduciary obligations if Young did acquire the L&T Note. Young did not acquire the L&T Note.

8. Thereafter, Defendant's parents, Benjamin L. Hall and Therese M. Hall ("Hall SR.") acquired the L&T note, though a participation in this transaction was first offered to Young. Young declined to participate. Notices of default were sent to the parties. Defendant made arrangements to pay his portion of the obligations. Young did not.

9. Young refused to pay, but through his current counsel, negotiations to resolve the debt through an assignment of Young's interests in lieu of default and a release of Young from

all YOCRT debt obligations ensued. It was agreed by Young, Defendant, Hall, SR., and Hall Real Estate that all matters would be equitably tolled and the holders of the L&T Note would forbear on proceeding on default while negotiations took place, so long as available cash flow would be paid on the defaulted L&T Note, but under reservation of all rights and without waiving the default. Significant consideration was provided to Young in the way of forbearance. Young, through counsel, dragged out the negotiations over several years, receiving great benefit from continued participation in the partnership as value of the premises rose while Young paid no funds into the partnership. Mortgage principal was being reduced, at least on the MVNB Note, and, on information, after a period of time, on the L&T Note. Interest rates had fallen, and the L&T Note, which had been in default all of this time, continued at a variable rate to provide a further benefit to Young. Legal and management debts accrued. But much maintenance of the premises had to be deferred. The roof needed replacement. Leaks developed. The apartment went into disrepair to the point it could NOT be occupied for habitation any longer. Furnace systems deteriorated and broke.

10. By 2002, an agreement was reached whereby Young would be released from YOCRT debt obligations, subject to a release from Compass Bank which had succeeded to the MVNB Note (Hall, SR. agreed to join in guaranteeing the MVNB Note – which seemed acceptable to Compass), and Young would assign his interests in YOCRT to the holder of the L&T Note in lieu of default forbearance. The parties would sign cross-releases of all claims. This agreement was confirmed in a series of writings. Time was NOT of the essence, and no definite closing date for the transaction was set. The holder of the L&T Note, having been assigned by Hall, SR. to Clipper Associates Holding Trust, thus obtained equitable title to Young's interests, subject to confirmation of legal title at the closing of the transaction.

11. During the fall of 2003, Young commissioned an appraisal and asked Hall Real Estate to provide all information and access to the appraiser. Young alleged this was for tax purposes for reporting on the upcoming settlement. The information and access was provided. The appraisal came in, on information and belief, but did not sufficiently account for the large scale deterioration of the structure and condition of the premises

12. Shortly thereafter in February, 2004, without setting a definite closing date for the transaction, Young, through counsel, withdrew from the settlement agreement, breaching the same.

13. In or about May, 2004, Young notified Defendant that Young was dissolving YOCRT and, on information, YOUNG then filed a certificate to that effect in the Dukes County Registry of Deeds. Defendant objects to the same and declines to accept such dissolution as Young is without power dissolve a partnership in this manner.

14. Young also on information, recorded a deed in the Dukes County Registry of Deeds purporting to transfer the interests of YOCRT in the premises to Young and Defendant as tenants-in-common. Defendant objects to the same and declines to accept such conveyance as Young is without power to convey partnership assets out to the partners in this manner.

15. The purported dissolution of YOCRT and conveyance caused a purported acceleration and default of the MVNB Note that had heretofore been current. Such is a breach of fiduciary duty to Defendant and to the YOCRT partnership.

## OTHER DEFENSES AND COUNTERCLAIMS

Defendant requests this court declare as follows:

16. The matter must be dismissed as Young has failed to name or join necessary parties and the citation fails to name all persons known to have an interest in the premises or YOCRT property.

17. Young repeatedly, as set forth above, made false statements and agreements which Young never intended to keep. At the time of these false statements and promises, Young intended to cause reliance on the same or was reckless in that Defendant, among others, did rely to their detriment on the same, causing significant damage. This constitutes fraud and fraud in the inducement.

18. Young is guilty of laches and is barred from prosecuting this action or any recovery.

19. Young has unclean hands and is barred from prosecuting this action or any recovery.

20. Young has or is attempting to unjustly enrich himself and is barred from prosecuting this action or any recovery.

21. Young's interest was equitably transferred to Clipper Associates Holding Trust and Young is thus barred from prosecuting this action or any recovery.

22. Young is or should be estopped from proceeding hereunder is thus barred from prosecuting this action or any recovery.

23.  Young waived all rights to prosecuting this action or any recovery.

24.  Young has breached a number of agreement as set forth above and is thus barred from prosecuting this action or any recovery.

25.  Young has breached the settlement agreement as set forth above and Defendant and the other parties thereto are entitled to specific enforcement of the settlement agreement.

26.  Young has repeatedly breached his fiduciary duty to both Defendant and YOCRT partnership.

27.  The actions of Young constitute violations of G.L. c. 93A entitling Defendant to damages trebled, plus attorneys fees.

28.  Young's actions constitute attempts to obtain more than Young would be entitled to and thus have been made in bad faith.

29.  The filing of the within action, among the other actions of Young set forth herein constitute bad faith and a violation of the covenant of good faith and fair dealing.

30.  The filing of the within action, among the other actions of Young set forth herein constitute bad faith and a violation of the covenant of good faith and fair dealing and thus the filing of the within action is an abuse of process and/or malicious prosecution.

31.  Young is in breach of the partnership.

32.  Young has committed (a) breach(es) of the implied covenant of good faith and fair dealing and thus may not obtain relief based on the effects of Young's own breach(es).

33.  Defendant provided significant services to YOCRT which benefited Young, entitling Defendant for payment of the same on the basis of both breach of agreement and of quantum meruit.

34.  The actions of Young caused an equitable tolling of statutes of limitation due to promises Young made and the forbearance of Defendant, Hall Real Estate and the holders of the L&T Note.

35.  The court lacks subject matter jurisdiction over the counterclaims and the matter must be dismissed.

WHEREFORE, Defendant requests that judgment enter as follows:

I)   Dismissing the action, with costs including attorneys fees to Defendant;

II)  Order that the dissolution of YOCRT is void and without legal effect;

III) Order that all deeds purported from Young to the parties are void and without effect;

IV) Order that any acceleration of the MVNB Note is void and without effect

V) Order Young to indemnify Defendant for all costs including attorneys fees incurred or added to the principal or otherwise included in any mortgage note.

VI) Order specific enforcement of the settlement agreement, or alternatively,

VII) Order Young to pay damages to Defendant in a sum to be determined by a trier of fact.

VIII) Order Young to pay damages trebled pursuant to G.L. c. 93A together with attorneys fees.

IX) DEFENDANT DEMANDS JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated July 7, 2004

Defendant-Respondent
Benjamin L. Hall, Jr.
Pro Se

Benjamin L. Hall, Jr.
PO Box 5155 – 45 Main St.
Edgartown, MA       02539-5155
508-627-5900

COMMONWEALTH of MASSACHUSETTS

County of Dukes, ss.                    PROBATE COURT
                                        DOCKET NO. 04-E0009-PP1

ROBERT A. YOUNG,                )
                                )
         Plaintiff-Petitioner,  )       VERIFICATION
vs.                             )
                                )
BENJAMIN L. HALL, JR.,          )
                                )
         Defendant-Respondent.  )

I, Benjamin L. Hall, Jr., being sworn, state under the pains and penalties of perjury:

1. I am the Defendant in the above action;

2. I have read the attached Verified Answer, Objection & Counterclaims and know the contents thereof; and

3. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true.

IN WITNESS WHEREOF, this 7th day of July, 2004.

*[signature]*
Benjamin L. Hall, Jr.
Defendant-Respondent