COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

DUKES, SS                                  PROBATE AND FAMILY COURT
                                           DOCKET # 04E0009-PP1

| | |
|---|---|
| ROBERT A. YOUNG | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| BENJAMIN L. HALL, JR. | ) |
| Defendant | ) |
| | ) |

MOTION TO INTERVENE BY COMPASS BANK FOR SAVINGS

COMPASS BANK FOR SAVINGS (hereinafter "Compass"), hereby moves this Court to grant it leave to intervene pursuant to M.G.L. c. 241, §6 in the above-entitled action as an interested party. For grounds thereof Compass says that:

1. Compass is a stock savings bank organized and existing under the laws of the Commonwealth of Massachusetts with a principal office at One Compass Place, New Bedford, Massachusetts.

2. Compass is the successor in interest to Martha's Vineyard National Bank, the Mortgagee with respect to a certain Mortgage in the original principal amount of Three Hundred Fifty Thousand Dollars ($350,000.00) granted by Ye Olde Clipper Realty Trust (the "Trust") dated August 14, 1987 and recorded with the Dukes County Registry of Deeds at Book 481, page 445 (the "Mortgage").

3. The Mortgage, by which the Trust granted a security interest in 38 Main Street, Vineyard Haven (Tisbury), Massachusetts, the premises which are the subject of the above-

captioned action (the "Premises"), was executed by Gino M. Montesi and Benjamin L. Hall, Jr., (the "Original Trustees") as security for a loan (the "Loan") which was evidenced by a promissory note of even date (the "Note").

4. On or about January 30, 1989, Robert A. Young ("Young") was substituted for Gino M. Montesi as a Trustee of the Trust by Resignation and Acceptance of Trustee recorded with said Deeds at Book 515, page 246 and Book 515, page 247 respectively, Benjamin L. Hall, Jr. And Young being the Trustees of record as of May 20, 2004.

5. On or about May 20, 2004, Young terminated the Trust by Trustee Certificate recorded with said Deeds at Book 1001, Page 1003.

6. On or about May 20, 2004, Robert A. Young, as Trustee of the Trust, conveyed the Premises, by quitclaim deed from the Trust to himself and Benjamin L. Hall, Jr., individually, which deed is recorded with said Deeds at Book 1001, page 1004 thereby giving rise to a right of acceleration in the Bank pursuant to Paragraph 15 of the Mortgage.

7. The balance due on the Note as of July 1, 2004 is Two Hundred Forty Three Thousand Four Hundred Two Dollars and Sixty Six Cents ($243,402.66) of principal plus Seven Hundred Seventy Five Dollars Eighty Five Cents ($775.85) of interest, for a total of Two Hundred Forty Four Thousand One Hundred Seventy Eight Dollars and Fifty One Cents ($244,178.51), not taking into account amounts owed the Bank in connection with the instant action.

8. Compass has a substantial interest in this action as the Premises named for Partition are encumbered for the benefit of the Bank on account of the Loan.

WHEREFORE, Compass respectfully requests that it be allowed to intervene as an interested party in this action.

> Respectfully submitted,
> Compass Bank for Savings
> By its Attorneys,
>
> *Marcia M Cini*
> Marcia Mulford Cini BBO#564159
> Marilyn H. Vukota, BBO#633225
> The Law Offices of Marcia Mulford Cini
> P.O. Box 1929
> 62 Winter Street
> Edgartown, MA 02539
> (508) 627-1320

Dated: June 29, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party or to any party appearing pro se by my hand

on June 29, 2004