COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| DUKES, SS | PROBATE COURT<br>DOCKET NO. 04-E0009-PP1 |

ROBERT A. YOUNG, )
)
        Plaintiff, )
)
v. )
)
BENJAMIN L. HALL, JR. )
)
        Defendant. )

**MOTION TO INTERVENE
BY CLIPPER ASSOCIATES HOLDING TRUST**

Pursuant to M.G.L. c. 241, Section 6, Clipper Associates Holding Trust ("Clipper Associates") hereby moves to intervene in the petition for partition filed by Robert A. Young ("Young") with the Dukes County Probate Court and dated June 11, 2004. For the reasons set forth below, this Motion should be granted.

**FACTUAL BACKGROUND**

In his petition, Young is seeking partition of land he claims to own as a tenant in common with Benjamin L. Hall, Jr. ("Hall, Jr."). The land described in the petition is located on Main Street in the Town of Tisbury, Dukes County (the "Property") and was owned by Ye Olde Clipper Realty Trust (the "Trust") until the Trust was terminated by Young on May 20, 2004. Clipper Associates currently holds a mortgage on the Property.

The original mortgage was held by the Levett and Tolin Realty Trust. The Trust, and Young[1] and Hall, Jr., individually and as trustees of the Trust, entered into a mortgage deed and promissory note with the Levett and Tolin Realty Trust on August 14, 1987. Young and Hall, Jr. are jointly and severally liable under the note. The mortgage was recorded at the Dukes County Registry of Deeds at Book 350, Page 582. On October 6, 1995, the original mortgage was assigned to Benjamin L. Hall and Therese Hall (the "Halls") through an Assignment of Mortgage which was recorded at the Dukes County Registry of Deeds at Book 663, Page 031. The Halls subsequently assigned the mortgage on or about July 3, 2001 to Clipper Associates through an Assignment of Mortgage & Promissory Note which was recorded at the Dukes County Registry of Deeds at Book 841, Page 789.

The Trust, and now Young and Hall, Jr., have been in default under the promissory note for many years and currently there is a significant balance due and owing. While expressly reserving its right to take other actions and based on its good faith settlement negotiations with Young and other parties, Clipper Associates refrained from foreclosing on the mortgage. It diligently endeavored to enter into a settlement with the Trust, Young, Hall, Jr. and other parties and did in fact reach an agreement in 2002. Among other things, the settlement provided for an assignment by Young of his beneficial interest in the Trust to Clipper Associates, Young's resignation as trustee and for general releases of claims by all parties.

On February 26, 2004, Young unilaterally withdrew from the settlement. Clipper Associates objects to his withdrawal and is now forced to file this Motion to Intervene to protect its interests.

---

[1] An individual named Gino M. Montesi ("Montesi") was the one of the original obligors under the note. Montesi assigned his beneficial interest in the Trust to Young on January 4, 1989, and on the same date, Young executed an Assumption Agreement assuming the obligations under the note and mortgage now held by Clipper Associates.

I:\Clients\HAL\motion to intervene Clipper Assoc 7-6-04.hal.doc

## ARGUMENT

Chapter 241, Section 6 of the Massachusetts General Laws provides that mortgagees shall be permitted to intervene in partition proceedings so far as may be necessary to protect their interests. The Trust (and now Young and Hall, Jr.) have not fully satisfied their debt to Clipper Associates. That debt is secured by a mortgage. If the Property is divided or sold, Clipper Associates' rights under the mortgage will no longer be properly secured. Clipper Associates must be permitted to intervene in this proceeding so that it can protect its interests in the Property and/or establish its rights in the proceeds of a sale. In addition, Young is estopped from bringing this action for partition, and the Court should require Young to proceed with the terms of the settlement.

## CONCLUSION

For the reasons set forth above, Clipper Associates' Motion to Intervene should be granted.

> Respectfully submitted,
>
> Clipper Associates Holding Trust
>
> By its attorneys,
>
> *[signature]*
> Kenneth L. Kimmell, Esq. (BBO# 555796)
> BERNSTEIN, CUSHNER & KIMMELL, P.C.
> 585 Boylston Street, Suite 400
> Boston, MA 02116
> phone: (617) 236-4090
> fax: (617) 236-4339

Dated: July 6, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Intervene was served by first class mail, postage prepaid, on July 6, 2004 on the following:

Ellen B. Kaplan, Esq.  
Kaplan & Nichols  
63 Winter Street, Box 2198  
Edgartown, Massachusetts 02539

Marcia Mulford Cini, Esq.  
Law Offices of Marcia Mulford Cini  
62 Winter Street, Box 1929  
Edgartown, Massachusetts 02539

Benjamin L. Hall, Jr.  
45 Main Street  
P.O. Box 5155  
Edgartown, Massachusetts 02539

_____  
Jeffrey M. Bernstein

I:\Clients\HAL\motion to intervene Clipper Assoc 7-6-04.hal.doc