COMMONWEALTH OF MASSACHUSETTS

DUKES, SS                                    PROBATE COURT
                                             DOCKET NO. 04-E0009-PP1

ROBERT A. YOUNG,                    )
                                    )
          Plaintiff,                )
                                    )
v.                                  )
                                    )
BENJAMIN L. HALL, JR.               )
                                    )
          Defendant.                )

### MOTION TO INTERVENE
### BY BENJAMIN LAMBERT HALL REAL ESTATE OF MARTHA'S VINEYARD

Pursuant to M.G.L. c. 241, Section 6, Benjamin Lambert Hall Real Estate of Martha's Vineyard f/k/a Benjamin Hall Real Estate ("Hall Real Estate") hereby moves to intervene in the petition for partition filed by Robert A. Young ("Young") with the Dukes County Probate Court and dated June 11, 2004. For the reasons set forth below, this Motion should be granted.

### FACTUAL BACKGROUND

In his petition, Young is seeking partition of land he claims to own as a tenant in common with Benjamin L. Hall, Jr. ("Hall, Jr."). The land described in the petition is located on Main Street in the Town of Tisbury, Dukes County (the "Property") and was owned by Ye Olde Clipper Realty Trust (the "Trust") until the Trust was terminated by Young on May 20, 2004.

Hall Real Estate has been performing real estate management services for the Trust almost since it was formed and continues to perform these services to this day for Young and Hall, Jr. The services rendered have consisted of managing certain financial affairs (including

writing checks to the mortgage holders and for taxes, utilities, etc.), arranging for repair of the building located on the Property, and responding to inquiries from tenants.

While Hall Real Estate has rendered substantial services, it has not been paid. Hall Real Estate was aware that the Trust was in default under certain of its other financial obligations, and has not aggressively pursued its claim for payment. However, the Trust, Young and Hall, Jr. have been aware that Hall Real Estate has continued to render services for their benefit with the full expectation that it would be reimbursed when financial resources permitted it. Hall Real Estate has received a written acknowledgment that it is owed monies for services rendered. In 2002, Hall Real Estate entered into a settlement with the Trust, Young, Hall, Jr. and other parties which, among other things, resolved its claims for fees due for services rendered. On February 26, 2004, Young unilaterally withdrew from the settlement. Hall Real Estate objects to his withdrawal and is now forced to file this Motion to Intervene to protect its interests.

## ARGUMENT

Chapter 241, Section 6 of the Massachusetts General Laws provides in pertinent part

> Mortgagees, lienors, attaching creditors and other persons having or claiming encumbrances on the land shall not be parties, but shall be named in the petition and given such notice as the court may order, and shall be permitted to intervene so far as may be necessary to protect their interests in the land or to establish their rights in the proceeds of a sale.

M.G.L. c. 241, Section 6. Hall Real Estate claims an encumbrance on the Property. In addition, Hall Real Estate has an equitable lien on the Property. In order to prove that there is an equitable lien on certain property, a party need not show that he has an express written contract evidencing the lien. When a debt or obligation is implied by the course of dealings between the parties, a court may find that there is an equitable lien. *Meteor Products Co. Inc. v. Societe d'electro chimie et d'electro Metallurgie et al.*, 263 Mass. 543, 548-549 (1928). Hall Real Estate must be

I:\Clients\HAL\motion to intervene Real Estate 7-6-04.hal.doc

3

permitted to intervene in this proceeding so that it can protect its interests in the Property and/or establish its rights in the proceeds of a sale.

The debt owed to Hall Real Estate has not been listed as an encumbrance in Young's petition. Hall Real Estate believes Young may have filed his petition for partition to avoid his obligations to Hall Real Estate. Young's actions constitute an unfair and deceptive act and practice under Chapter 93A, Section 2 of the Massachusetts General Laws. The courts have found that an abuse of process may constitute a 93A claim. *See Refuse & Environmental Systems, Inc. v. Industrial Services of America*, 932 F.2d 37, 42-43 (1st Cir. Mass. 1991). Since Young reached a settlement with Hall Real Estate and other parties, he is estopped from bringing this action for partition, and the Court should require Young to proceed with the terms of the settlement.

## CONCLUSION

For the reasons set forth above, Hall Real Estate's Motion to Intervene should be granted.

Respectfully submitted,

Benjamin Lambert Hall Real Estate
of Martha's Vineyard

By its attorneys,

*Kenneth L. Kimmell*
Kenneth L. Kimmell, Esq. (BBO# 555796)
BERNSTEIN, CUSHNER & KIMMELL, P.C.
585 Boylston Street, Suite 400
Boston, MA 02116
phone: (617) 236-4090
fax: (617) 236-4339

Dated: July 6, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Intervene was served by first class mail, postage prepaid, on July 6, 2004 on the following:

Ellen B. Kaplan, Esq.  
Kaplan & Nichols  
63 Winter Street, Box 2198  
Edgartown, Massachusetts 02539

Marcia Mulford Cini, Esq.  
Law Offices of Marcia Mulford Cini  
62 Winter Street, Box 1929  
Edgartown, Massachusetts 02539

Benjamin L. Hall, Jr.  
45 Main Street  
P.O. Box 5155  
Edgartown, Massachusetts 02539

_____  
Jeffrey M. Bernstein

I:\Clients\HAL\motion to intervene Real Estate 7-6-04.hal.doc