UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM QUILES, through his mother ) | |
| OFELIA QUILES; JOSE CORTEZ, ) | C.A. No. 98-40242 NMG |
| through his mother CONSUELO CORTEZ; ) | |
| MARIA, ESBEIDA, and MIRIBEL ) | |
| GUZMAN and GOYA and REYNA ) | |
| CORTEZ, through their mother REYNA ) | |
| LARIOS; and RAMON LARIOS, ) | |
|      Plaintiffs ) | |
| ) | |
| v.      ) | |
| ) | |
| JOAQUIN KILSON, EDWARD ) | |
| THURSTON, WILLIAM LAWRENCE, ) | |
| DONALD RICHARDS, JUDE CHABOT, ) | |
| PETER KYMALAINEN, KENNETH ) | |
| MAYNARD, JOHN MURRAY, and THE ) | |
| CITY OF FITCHBURG, ) | |
|      Defendants. ) | |

## PLAINTIFFS' MOTION FOR NEW TRIAL

Now come the Plaintiffs in the above-captioned proceeding and respectfully move this

Honorable Court, pursuant to Fed.R.Civ.P. 59, for a new trial as it is now abundantly clear that

an erroneous, confusing charge was given to the jury and there was a miscarriage of justice in

this case. The district court has the power to grant a new trial based on its appraisal of the

fairness of the trial and the reliability of the jury's verdict. *Gray v. Bicknell,* 86 F.3d 1472 (8th

Cir. 1996). Where there has been a miscarriage of justice, this court has the power to grant a new

trial. *See TransAmerica Premier Ins. Co. v. Ober,* 107 F.3d 925 (1st Cir. 1997). Prejudicial

error or misleading or erroneous instructions given to the jury are also proper grounds for

granting a motion brought pursuant to Fed.R.Civ.P. 59. *See Goodgame v. American Cast Iron*

1

*Pipe Co.*, 75 F.3d 1516 (1st Cir. 1996). Where an instruction gave the jury a misleading impression or inadequate understanding of the law or issues to be resolved, the court has the clear power to order a new trial. *See Kavorkian v. CSX Transp., Inc.*, 117 F.3d 953 (6th Cir. 1997). Here, the jury sought guidance with respect to whether the issue related to "drug searches".[1] The clear, proper response was a "yes", as that was the only type of search which *both* parties addressed throughout the case. The jury was misled by the Court to believe that there had to be a custom to every possible type of search, such as searches for stolen goods.[2] This was absolutely *not* required. Moreover, the defendants never suggested that this was required either through evidence or argument. Plaintiffs were required to show, simply, that the City of Fitchburg had an unconstitutional custom of strip-searching all persons present without individualized suspicion. The only type of contraband ever discussed throughout trial was drugs. The jury clearly wanted to ensure that the Plaintiffs did not have to exclude all other types of scenarios not at issue in the case and was seeking the Court's guidance in doing so. The Court failed to provide such guidance.

The attached affidavit reveals the prejudice which resulted from the Court's failure to insert the word "drug" even after Plaintiffs' counsel begged him to do so and vigorously objected to his failure to do so. *See Advanced Display Syst., Inc. v. Kent State Univ.*, 212 F.3d 1272

---

[1] Although counsel never saw the actual question, it is believed that the question was as follows: "Relative to Question 5, does this include searches of all types of cases or just cases similar to this *drug* related search?" (Emphasis added.)

[2] As a practical matter, strip-searches are conducted only in drug cases such as this one, as Plaintiffs' counsel so pointed that out to the Court.

(Fed.Cir. 2000)(party moving for new trial must object to charge during trial and request alternative instruction).

In response to the Plaintiff' objections, the Court asked why the Plaintiffs had not requested the word "drug" to be part of the jury verdict form. However, it could not be anticipated that the jury would have an issue with whether the strip-search custom related to only drug cases or any other cases such as stolen property cases. The very fact that the Court asked why the Plaintiffs had not requested the word "drug" be placed in Question 5 reveals that the Court would have allowed the addition but was, moreover, somehow penalizing the Plaintiffs' for not anticipating a jury concern that could not be predicted. There was absolutely no evidence that the issue was anything other than strip-searching individuals during the execution of a search warrant as no other type of search warrant was at issue. Moreover, as the Plaintiffs' counsel pointed out to the Court, the jury verdict form is not meant to include the definition instruction on all possible issues but is only a guide so that the jury can properly record its true verdict. The jury sought clarification on this form and the court failed to provide it.

The affidavit filed contemporaneously herewith, Plaintiffs' counsel reveals that he was informed by the jury forewoman that the jury would have found for the Plaintiffs if the word "drug" had been inserted in the Court's response to the question. Plaintiffs' counsel anticipated the very confusion that followed from the faulty instruction and the resulting prejudice which would result. The error is manifest apart from the forewoman's disclosures but it revealed that, in fact, the poor Plaintiffs were actually denied a verdict and redress of their grievances by the error. Fairness cries out for a new trial where the error is so plain and prejudicial so that the

3

Plaintiffs will not have to go to the Court of Appeals for reversal and further delay a remedy for the 1996 incident.

WHEREFORE, based upon the foregoing, the Plaintiffs respectfully request that this Honorable Court order a new trial.

> Respectfully submitted,
> Plaintiffs William Quiles, *et al.,*
> By their attorneys,
>
> //S//Stephen Hrones
> Stephen B. Hrones (BBO # 242860)
> Jessica Hedges (BBO # 645847)
> HRONES & GARRITY
> Lewis Wharf-Bay 232
> Boston, MA 02110-3927
> T)617/227-4019

### CERTIFICATE OF SERVICE

I, Stephen Hrones, hereby certify that on this 20th day of August, 2004, I served a true and correct copy of PLAINTIFFS' MOTION FOR NEW TRIAL where unable to do so electronically, via United States First-Class Mail, postage prepaid, as follows: William P Breen, Jr., Esq., MURPHY, HESSE, TOOMEY & LEHANE, 300 Crown Colony Dr, Box 9126, Quincy, MA 02269.

> //S//Stephen Hrones
> Stephen Hrones

4

**Motions**

4:98-cv-40242-NMG Quiles, et al v. Kilson, et al

# United States District Court

## District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Hrones, Stephen B. entered on 8/20/2004 at 12:48 PM EDT and filed on 8/20/2004

**Case Name:**     Quiles, et al v. Kilson, et al
**Case Number:**   4:98-cv-40242
**Filer:**        William Quiles
**Document Number:** 107

**Docket Text:**
MOTION for New Trial *(Plaintiffs)* by William Quiles.(Hrones, Stephen)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=8/20/2004] [FileNumber=641272-0]
[56cd627b012dc0097fcc62b7d50f01aaa2393f4f68db1ccd28560f9fb349d126668c
7b3b8d531ab73551e4ff603bb91a7c030afad96dcfba0b766f6bb68079bf]]

**4:98-cv-40242 Notice will be electronically mailed to:**

William P Breen    wbreen@mhtl.com

Jessica Diane Hedges    jdhedges@yahoo.com

Stephen B. Hrones    hrones@masscriminallawyer.com, sbhlaw@comcast.net

Aderonke O.A. Lipede    alipede@fitzhughlaw.com

**4:98-cv-40242 Notice will not be electronically mailed to:**